## CIRCUIT COURT OF PAGE COUNTY

Commonwealth of Virginia

    v.

Bradley Wayne Breeden

December 5, 2001

Case Nos. 01F00335, 01F00336

By Judge John J. McGrath, Jr.

This matter is before the Court on the Defendant's Motion to dismiss the indictment on the grounds that the two prior offenses of which he was previously convicted are insufficient to support the current indictment charging a violation of Va. Code §§ 18.2-266 and 18.2-270(C), driving under the influence, a third offense within a ten year period.

The Defendant does not contest that he is most likely guilty of misdemeanor driving under the influence in violation of § 18.2-266, but he argues that this violation cannot be charged as a third offense under § 18.2-270. The Defendant argues that, since his two prior convictions were for violating local ordinances instead of the Code of Virginia, they do not elevate his current charge to a felonious third offense.

Va. Code § 18.2-270(C) indicates that "[a]ny person convicted of three or more offenses of § 18.2-266 committed with a ten-year period shall be guilty of a Class 6 felony, and the sentence shall include a mandatory, minimum sentence of confinement for ten days that shall not be subject to suspension by the court." The Defendant encourages the Court to construe this statute literally, such that multiple violations of a local ordinance prohibiting driving under the influence cannot be considered "offenses of § 18.2-266" for the purpose of § 18.2-270(C).

Va. Code § 18.2-270(E) defines the term "prior conviction" as follows:

For the purpose of this section, an adult conviction of any person, or finding of guilty in the case of a juvenile, under the following shall

be considered a prior conviction: (i) the provisions of § 18.2-36.1 or the substantially similar laws of any other state or of the United States, (ii) the provisions of §§ 18.2-51.4, 18.2-266, former § 18.1-54 (formerly § 18-75), *the ordinance of any county, city or town in this Commonwealth* or the laws of any other state or of the United States *substantially similar to the provisions of* § 18.2-51.4, and §§ *18.2-266* through 18.2-269, or (iii) the provisions of subsection A of § 46.2-341.24 or the substantially similar laws of any other state or of the United States.

(Emphasis added.)

The term "prior conviction" appears only in the title line of § 18.2-270 and in Subsection (E), where it is defined. It does not appear anywhere in Subsection (C), where the punishment for third offenses is determined. Nor does it appear in Subsection (B), which assigns the punishment for second offenses. The defendant argues that, since the term "prior conviction" does not appear in Subsection (C), then the violation of a local ordinance cannot be considered an "offense of § 18.2-266" under Subsection (C).

The Court is not persuaded. Reading Subsection (E) as applying only when the literal term "prior conviction" appears renders Subsection (E) meaningless. Subsection (E) must be read a bit broader than that. The Court believes that the fairest way to read § 18.2-270(E) is as follows: "For the purpose of *[§ 18.2-270]*, an adult conviction of any person, or finding of guilty in the case of a juvenile, under the following shall be considered a prior conviction *[of § 18.2-266]*: ... the ordinance of any county, city, or town in this Commonwealth ... substantially similar to the provisions of ... § 18.2-266. ..."

Under this reading of § 18.2-270, the Court finds that the Defendant's two prior convictions, for violating local ordinances prohibiting driving under the influence, do constitute prior convictions of § 18.2-266. Therefore, the Defendant is being properly charged with a third offense within a ten year period under § 18.2-270(C).

The Defendant's Motion is denied.

The Clerk of the Court is directed to send certified copies of this Opinion and Order to John T. Hennessy, Esquire, Attorney for the Commonwealth; and to Samuel P. Higginbotham, II, Counsel for the Defendant.